IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| TAMMI C. FREDRICKSEN, ) | |
| ) | |
| Plaintiff, ) | No. 12cv2011 EJM |
| vs. ) | |
| ) | ORDER |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| Defendant. ) | |

Plaintiff brings this action seeking judicial review of the Commissioner's denial of her application for social security disability benefits. Briefing concluded August 14, 2012. The court has jurisdiction pursuant to 42 USC §405(g). Reversed and remanded for further consideration.

Claiming an onset date of June 29, 2009, plaintiff alleges disability due to multiple impairments including degenerative arthritis in her back and knees, bipolar disorder, and anxiety. She asserts the Administrative Law Judge (ALJ) erred in discounting the opinion of treating psychiatrist Dr. Crowley, failed to adequately discuss limitations imposed by consultative examiner Dr. Obnamia, and failed to properly develop the record. Accordingly, she asserts that the Commissioner's decision is not supported by substantial evidence on the record as a whole.

> [R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's] decision. This requires [the court] to do more than merely parse the record for substantial evidence supporting the [Commissioner's] decision. [The court] also must consider evidence

in the record that detracts from the weight of the decision. Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F2d 836, 838 (8th Cir. 1992) (internal citations omitted).

The ALJ found plaintiff's severe impairments include degenerative disc disease of the lumbar spine, degenerative joint disease of the left knee, status post arthroscopic knee surgeries, bipolar disorder, and a personality disorder, but further found she retained the residual functional capacity to engage in substantial gainful activity.

Upon review, it is the court's view that the ALJ failed to afford adequate weight to the opinion of treating psychiatrist Dr. Crowley, whose opinions include the view that plaintiff's chronic mental illness will require ongoing treatment, that she would often have deficiencies of concentration, persistence or pace resulting in failure to complete tasks in a timely manner, she would have repeated episodes of deterioration or decompensation in work or work-like settings, and that in his opinion plaintiff would miss more than three days of work per month due to her impairments or treatment. T. 635-640. While the ALJ found Dr. Crowley's treatment notes "do not detail the frequency or intensity of treatment one would expect," T. 17-18, the ALJ did not set forth the expected frequency or intensity, nor other specific inconsistencies with Dr. Crowley's treatment notes, nor on balance did the ALJ discuss the substantial evidence of record that is consistent with the limitations noted by Dr. Crowley.

2

Upon the foregoing, it is the court's view that the Commissioner's decision is not supported by substantial evidence on the record as a whole. This matter shall be reversed and remanded for further consideration. On remand, the Commissioner may further explore the issue of the weight accorded the views of consultative examiner Dr. Obnamia, including a ten pound lifting restriction, T. 487, and the basis for the ALJ's assignment of a residual functional capacity incorporating a twenty pound lifting limitation. T. 18.

It is therefore

ORDERED

Reversed and remanded for further consideration in accordance herewith.

January 22, 2013.

_____
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT